IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES J. CHATMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-2023-NJR |
| ) | |
| ) | |
| DR. OBAISI, LARS A. GENTRY, and ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James J. Chatman, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Chatman alleges Defendants were deliberately indifferent to pain in his head and eyes, in violation of the Eighth Amendment.

Chatman initially filed his Complaint (Doc. 1) in the Northern District of Illinois because he alleged claims against Dr. Obaisi which occurred while he was incarcerated at Stateville Correctional Center. The Northern District dismissed all claims against Dr. Obaisi because the claims were time-barred (Doc. 5, p. 1). The remaining claims, including a claim against Dr. Gentry for care Chatman received while at Pinckneyville

1

and his claim against Wexford Health Sources, Inc. ("Wexford"), were transferred to this Court.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint (Doc. 1), Chatman makes the following allegations: For several years, Chatman suffered from excruciating pain in his eyes and head (*Id*. at p. 6). While incarcerated at Pinckneyville, Chatman was treated by optometrist Dr. Lars A. Gentry. Dr. Gentry refused to diagnose Chatman's glaucoma until Chatman was virtually blind in his right eye and could not see properly out of his left eye (*Id*.). He further alleges that Wexford is liable for the late diagnosis due to unconstitutional policies and customs that it established which prevent expensive medical procedures from being ordered in order to cut costs (*Id*. at p. 7).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Gentry for failing to timely diagnose Chatman's glaucoma.

2

>    **Count 2:**     Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for establishing cost cutting policies which delayed the diagnosis of Chatman's glaucoma.
>
>    **Count 3:**     Illinois state claim for intentional infliction of emotional distress for Defendants' failure to timely diagnose Chatman's glaucoma.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Simply put, Chatman fails to state a claim. A successful complaint generally alleges "the who, what, when, where, and how…." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Although Chatman identifies Dr. Gentry as the eye doctor who treated him, he fails to provide pertinent information about his involvement in his care. He fails to identify when Dr. Gentry first started treating him, his interactions with Dr. Gentry, when Dr. Gentry first diagnosed Chatman with glaucoma, and how Dr. Gentry's care amounted to deliberate indifference. Instead, he merely states that Dr. Gentry refused to diagnose Chatman until he was blind. Without further information, Chatman fails to state a claim against Dr. Gentry. Further, without more factual allegations about the care he received, Chatman fails to state a claim against Wexford. Nor does he state a

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

claim for intentional infliction of emotional distress. Thus, his Complaint is **DISMISSED without prejudice**. Chatman will have an opportunity to amend his Complaint in order to provide the information needed to adequately state a claim.

## Pending Motions

As to his motion for counsel (Doc. 12), Chatman merely attaches letters from law firms who declined to take his case. But he failed to submit an actual motion indicating why he needs counsel. Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[2] The Court notes that his filings have been well written and easy to understand. Chatman's filings demonstrate that he is capable of drafting an Amended Complaint on his own. Thus, his motion for counsel is **DENIED**.

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Chatman will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Chatman must comply with the instructions and deadlines set forth below.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Chatman is **GRANTED** leave to file a "First Amended Complaint" on or before **December 8, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal may count as one of Chatman three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Chatman must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To aid Chatman in drafting his First Amended Complaint, the Clerk of Court is **DIRECTED** to send Chatman a Section 1983 Complaint form.

Chatman is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Chatman is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court

will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: November 10, 2022

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**