**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES J. CHATMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cv-2023-NJR** |
| | ) | |
| | ) | |
| **LARS A. GENTRY and** | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James J. Chatman, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Chatman's Complaint was dismissed for failure to state a claim (Doc. 16), and he was granted leave to amend. In his Amended Complaint (Doc. 18), Chatman alleges Defendants were deliberately indifferent in the treatment of his glaucoma, in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Amended Complaint**

In his Amended Complaint, Chatman makes the following allegations: In 2021, Chatman began complaining of pain in his eyes (Doc. 18, p. 6). Sometime prior to February 21, 2021, Chatman submitted a request to see Dr. Lars Gentry, the acting optometrist at Pinckneyville (*Id.*). On April 12, 2021, Dr. Gentry evaluated Chatman but made no assessment about the cause of his pain (*Id.*). Chatman continued to complain of pain in his eyes and on May 8, 2021, Dr. Gentry again evaluated Chatman. Although he made no diagnosis or issued any warning regarding possible glaucoma, he prescribed a glaucoma medicine for Chatman (*Id.*). He also discussed the possibility of cataracts (*Id.*).

Chatman continued to complain of pain and started experiencing vision problems, including bumping into objects (*Id.*). On July 26, 2021, Dr. Gentry evaluated Chatman. He discussed cataracts and renewed Chatman's prescription (*Id.*). He never discussed the possibility of glaucoma. On October 18, 2021, Chatman submitted an emergency grievance regarding continued problems with his vision (*Id.* at pp. 6-7). In addition to pain, he suffered from blurry vision and black outs in his vision (*Id.* at p. 7). On November 9, 2021, Dr. Gentry evaluated Chatman and noted blood at the back of his eye (*Id.*). Chatman was sent to Marion Eye Center for a second opinion. He was ultimately diagnosed with several conditions including glaucoma in his right eye, severe stage glaucoma in his left eye, age related cataract in his right eye, and monocular exotropia in his left eye (*Id.*). Marion Eye Center informed him that he needed to attend all follow-up

appointments for treatment and that failure to treat the conditions could lead to blindness. Although he discussed his diagnoses with Dr. Gentry, Dr. Gentry never discussed surgical interventions that could save his vision. Chatman alleges that as of November 2021, he is completely blind in his left eye and continues to lose vision in his right eye (*Id*. at p. 8). Chatman alleges that Dr. Gentry's failure to diagnose his glaucoma and his failure to offer surgical solutions were due to cost cutting policies of Wexford Health Sources, Inc. (*Id*.).

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following counts:

**Count 1:** **Eighth Amendment deliberate indifference claim against Dr. Gentry for failure to diagnose and treat Chatman's eye conditions.**

**Count 2:** **Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc., for maintaining cost cutting policies that delayed outside care, including surgery for Chatman's eye conditions.**

**Count 3:** **Illinois state law claim for intentional infliction of emotional distress against Defendants.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be**

**considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Chatman states viable claims for deliberate indifference in Counts 1 and 2 against Dr. Chatman and Wexford. Chatman fails, however, to state a claim against either defendant for intentional infliction of emotional distress. In order to state a claim under Illinois law for intentional infliction of emotional distress, Chatman must show that Defendants acted in an extreme and outrageous way, intending to inflict severe emotional distress or knowing there was a high probability that would occur, and that their actions in fact caused him severe emotional distress. *See Doe v. Calumet City*, 641 N.E.2d 498, 506-07 (Ill. 1994) (citing Restatement (Second) of Torts § 46, comment d (1965)). But Chatman merely states that he suffered distress from the failure to timely diagnose his condition. Without more, this does not state a claim. Thus, Count 3 is **DISMISSED without prejudice**.

**Disposition**

For the reasons stated above, Counts 1 and 2 shall proceed against Dr. Gentry and Wexford. Count 3 is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Lars A. Gentry and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Chatman. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Chatman, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Chatman, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Chatman is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court

will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 12, 2023**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**